IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-337-D
No. 5:14-CV-249-D

| | | |
|---|---|---|
| CRAIG NEILDONDO SMALLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 25, 2014, Craig Neildondo Smalls ("Smalls") moved to vacate, set aside, or correct his 324-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 78]. On July 22, 2014, the government moved to dismiss Smalls's section 2255 motion [D.E. 85]. On August 7, 2014, Smalls responded in opposition to the government's motion [D.E. 88]. As explained below, the court grants the government's motion to dismiss.

On November 6, 2008, a federal grand jury in the Eastern District of North Carolina indicted Smalls on one count of conspiracy to distribute and to possess with intent to distribute more than 5 kilograms of cocaine and 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846 (count one), one count of distribution and possession with intent to distribute more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count two), and one count of distribution and possession with intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count three) [D.E. 1]. On February 23, 2009, Smalls pleaded guilty, pursuant to a written plea agreement [D.E. 27], to count one of the indictment. See [D.E. 26]. In his plea agreement, Smalls expressly waived "all rights . . . to appeal whatever sentence is imposed," and "all

rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255," with limited exceptions. Plea Agreement [D.E. 27] ¶ 2(c).

On December 9, 2009, at Smalls's sentencing hearing, the court determined that Smalls was a career offender under U.S.S.G. § 4B1.1, and calculated Smalls's advisory guideline range to be 324 to 405 months' imprisonment. See Presentence Investigation Report ("PSR") ¶¶ 28, 30, 59, 64; Sentencing Tr. [D.E. 73] 16–17. After considering the entire record, the arguments of counsel, Smalls's statement, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Smalls to 324 months' imprisonment. See Sentencing Tr. 17–24. On December 18, 2009, the court entered judgment. See Judgment [D.E. 63].

On December 23, 2009, Smalls filed a direct appeal. See [D.E. 65]. Citing the appellate waiver in Smalls's plea agreement, the government moved to dismiss Smalls's appeal. On July 27, 2010, the United States Court of Appeals for the Fourth Circuit enforced Smalls's appellate waiver, granted the government's motion to dismiss, and dismissed Smalls's appeal. See [D.E. 75]. On August 18, 2010, the Fourth Circuit's mandate issued. See [D.E. 77]. Smalls did not petition the United States Supreme Court for a writ of certiorari, and his judgment of conviction became final on November 16, 2010, when the time to do so expired. See Clay v. United States, 537 U.S. 522, 525, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

Smalls makes four claims in his section 2255 motion. First, Smalls claims that he is actually innocent of being a career offender in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). Second, Smalls claims that the government engaged in prosecutorial misconduct by not "standing by the negotiated agreement" during his arraignment and sentencing hearing. [D.E. 78-1] 3. Third, Smalls claims that his attorney provided ineffective assistance by incorrectly estimating Smalls's advisory guideline

2

range. Fourth, Smalls claims that his attorney provided ineffective assistance by failing to challenge Smalls's designation as a career offender. See [D.E. 78] 4–5, 7–8; [D.E. 78-1] 1–8. In response, the government moves to dismiss Smalls's section 2255 motion for failure to state a claim upon which relief can be granted. [D.E. 85]; see Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Smalls's claims of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466

3

U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

4

Smalls filed his section 2255 motion more than three years after his judgment of conviction became final. Thus, Smalls's motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Smalls's motion is untimely under 28 U.S.C. § 2255(f)(3) because none of the cases he cites retroactively apply to him on collateral review. See, e.g., United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012) (holding that Simmons is not retroactive to petitioners like Smalls on collateral review);[1] cf. Whiteside v. United States, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014) (granting rehearing en banc in Whiteside and thereby vacating the panel opinion). Likewise, Smalls's motion is untimely under 28 U.S.C. § 2255(f)(4). See, e.g., United States v. Bowman, 561 F. App'x 294, 298 (4th Cir. 2014) (per curiam) (unpublished); United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished); United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

Nothing in the record suggests that equitable tolling should apply. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted). Smalls has alleged no

---

[1] Miller v. United States, 735 F.3d 141 (4th Cir. 2013), does not alter this conclusion. Unlike in Miller, the government has not waived the statute of limitations in 28 U.S.C. § 2255(f)(1)–(4). Cf. id. at 143. Moreover, unlike in Miller, Smalls is not actually innocent of his offense of conviction. See id. at 142–47.

5

such extraordinary circumstances. See, e.g., Sawyer, 552 F. App'x at 232. Accordingly, the court dismisses Smalls's section 2255 motion as untimely.

Alternatively, Smalls's claims fail even if he could overcome the timeliness bar. First, Smalls claims that he is actually innocent of being a career offender and relies on Simmons and Whiteside. The appellate waiver in Smalls's plea agreement bars this claim. In his plea agreement, Smalls agreed

> to waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Smalls] at the time of [his] guilty plea.

Plea Agreement ¶ 2(c). An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). At his Rule 11 hearing, Smalls affirmed that he had read and discussed his plea agreement with his lawyer, and after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up in the waiver. See Arraignment Tr. [D.E. 74] 20–22. Thus, Smalls's waiver was valid. See [D.E. 75] (Fourth Circuit's order dismissing

6

Smalls's direct appeal after concluding that Smalls "knowingly and voluntarily waived his right to appeal"). Moreover, Smalls reserved only the right to file a section 2255 motion "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of the [his] guilty plea." Plea Agreement ¶ 2(c). Smalls's first claim for relief does not involve ineffective assistance of counsel or prosecutorial misconduct. Rather, it concerns the court's calculation of Smalls's advisory guideline range. Thus, Smalls's first claim falls within the scope of his appellate waiver. See Copeland, 707 F.3d at 529–30. Accordingly, just as the Fourth Circuit did when it dismissed Smalls's direct appeal, the court enforces Smalls's waiver and dismisses his first claim.[2]

Second, Smalls claims that the government engaged in prosecutorial misconduct by not "standing by the negotiated agreement" during his arraignment and sentencing hearing. [D.E. 78-1] 3. Smalls bases this claim on the following facts. At Smalls's arraignment, the court observed that although the indictment described a conspiracy involving both 5 kilograms of cocaine and 50 grams of crack cocaine, the plea agreement described a conspiracy involving only 50 grams of crack cocaine. Arraignment Tr. 26–27. Compare Indictment [D.E. 1] 1, with Plea Agreement ¶ 3(a)(1). Moreover, in describing the first element of the charged conspiracy, the plea agreement referenced an unlawful agreement involving 50 grams of cocaine, not crack cocaine. See Plea Agreement ¶ 3(a)(3). Accordingly, at the arraignment, the court asked the government to clarify the plea

---

[2] The court rejects Smalls's reliance on Whiteside. On July 10, 2014, the Fourth Circuit granted rehearing en banc in Whiteside. See Whiteside, 2014 WL 3377981, at *1. Accordingly, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). Moreover, even if Whiteside had not been vacated, both this court and the Fourth Circuit have concluded that the appellate waiver in Smalls's plea agreement is valid and enforceable, and that conclusion remains correct whether or not Whiteside survives en banc review. See, e.g., Copeland, 707 F.3d at 529–30.

7

agreement. Arraignment Tr. 27. The AUSA indicated that, consistent with Smalls's indictment, the plea agreement addressed a conspiracy involving 50 grams or more of crack cocaine. Id. 27–28. At the AUSA's suggestion, the court inserted the word "crack" under element one, and both parties agreed to and initialed the clarification. Id. 28; see Plea Agreement ¶ 3(a)(3).

Smalls contends that the government breached the plea agreement because the court held him accountable for possessing and distributing both powder and crack cocaine, even though his plea agreement described a conspiracy involving only crack cocaine. Although Smalls couches this argument as one involving prosecutorial misconduct, Smalls actually disputes the concept of relevant conduct—and, by extension, the court's calculation of his advisory guideline range. Thus, the appellate waiver in Smalls's plea agreement bars this claim. See Copeland, 707 F.3d at 529–30. Alternatively, the court properly held Smalls accountable for possessing and distributing both powder and crack cocaine. Smalls raised this very objection at sentencing, and after considering the evidence presented, the court overruled it. Sentencing Tr. 14–15; see PSR add. ¶ 1. Notably, the court found that, in objecting to a drug quantity that included both powder and crack cocaine, Smalls challenged the validity of his own admissions to investigators. Sentencing Tr. 14–15. Accordingly, the court dismisses Smalls's second claim.

Third, Smalls claims that his attorney provided ineffective assistance by incorrectly estimating Smalls's advisory guideline range. The record belies this claim. During Smalls's arraignment, the court advised Smalls of, and Smalls affirmed that he understood, the charges against him, the maximum potential penalties associated with those charges, and the consequences of pleading guilty. Arraignment Tr. 16–19. Likewise, the court advised Smalls of, and Smalls affirmed that he understood, that the court would determine the appropriate sentence in his case, and that no estimate or promise that Smalls's attorney made about the advisory guideline range or the sentence

8

would be binding on the court. Id. 19–20. The court is entitled to rely on the sworn statements that Smalls made at his arraignment. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, even if Smalls's attorney incorrectly estimated Smalls's advisory guideline range, the court cured any potential prejudice at Smalls's arraignment. Accordingly, the court dismisses Smalls's third claim.

Finally, Smalls claims that his attorney provided ineffective assistance by failing to challenge Smalls's designation as a career offender. Essentially, Smalls argues that his attorney was ineffective for failing to anticipate Simmons. An attorney's failure to anticipate a new rule of law is not grounds for an ineffective assistance of counsel claim. See, e.g., United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir. 1996) (collecting cases); Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (collecting cases); Harris v. Untied States, Nos. 5:08-CR-156-D-1, 5:12-CV-30-D, 2012 WL 6184832, at *4 (E.D.N.C. Dec. 11, 2012) (unpublished). Accordingly, the court dismisses Smalls's final claim.

After reviewing the claims presented in Smalls's section 2255 motion, the court determines that reasonable jurists would not find the court's treatment of any of the claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 85], and DISMISSES Smalls's section 2255 motion [D.E. 78]. The court also DENIES a certificate of appealability.

SO ORDERED. This **26** day of August 2014.

JAMES C. DEVER III
Chief United States District Judge

9

Case 5:08-cr-00337-D   Document 90   Filed 08/26/14   Page 9 of 9