IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-337-D
No. 5:14-CV-249-D
No. 5:15-CV-365-D

| | |
|---|---|
| CRAIG NEILDONDO SMALLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 26, 2014, this court dismissed Craig Neildondo Smalls's ("Smalls") first motion under 28 U.S.C. § 2255 [D.E. 90]. In that motion, Smalls made various arguments attacking his sentence. See id. On April 20, 2015, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed Smalls's appeal. See United States v. Smalls, 600 F. App'x 111 (4th Cir. 2015) (per curiam) (unpublished).

On July 19, 2015, Smalls filed another motion under 28 U.S.C. § 2255 and raised two new arguments attacking his sentence. See [D.E. 100]. First, Smalls argues that he is no longer a career offender under the Guidelines due to Johnson v. United States, 135 S. Ct. 2251 (2015). That argument, however, appears irrelevant given that the court did not rely on Smalls's status as a career offender to calculate his advisory guideline range. See Sentencing Tr. [D.E. 73] 4–17, 22–26; PSR ¶ 59. Second, Smalls argues that the government reneged on a promise to file a Rule 35 motion. That argument, however, appears baseless in light of Smalls's Rule 11 transcript and plea agreement. See Arraignment Tr. [D.E. 74] 10–11, 13–15, 18–25; Plea Agreement [D.E. 27] ¶ 4.e.

In any event, the court need not reach the merits. Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255(h); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). Furthermore, this court lacks jurisdiction to review Smalls's latest section 2255 motion unless the Fourth Circuit authorizes such review. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. Surratt, No. 14-6851, 2015 WL 4591677, at *4–21 (4th Cir. July 31, 2015); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Smalls failed to obtain authorization from the Fourth Circuit. Thus, the court dismisses his section 2255 motion as successive and denies a certificate of appealability. See, e.g., 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Winestock, 340 F.3d at 206–07.

In sum, Smalls's section 2255 motion [D.E. 100] is DISMISSED as successive, and the court DENIES a certificate of appealability.

SO ORDERED. This __1__ day of September 2015.

JAMES C. DEVER III
Chief United States District Judge

2

Case 5:08-cr-00337-D   Document 102   Filed 09/01/15   Page 2 of 2