IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-337-D
No. 5:14-CV-249-D
No. 5:15-CV-365-D
No. 5:16-CV-473-D
No. 5:17-CV-224-D

CRAIG NEILDONDO SMALLS,        )
                               )
             Petitioner,       )
                               )
        v.                     )         **ORDER**
                               )
UNITED STATES OF AMERICA,      )
                               )
             Respondent.       )

On August 26, 2014, this court dismissed Craig Neildondo Smalls's ("Smalls") first motion under 28 U.S.C. § 2255 [D.E. 90]. In that motion, Smalls made various arguments attacking his sentence. See id. On April 20, 2015, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed Smalls's appeal. See United States v. Smalls, 600 F. App'x 111 (4th Cir. 2015) (per curiam) (unpublished).

On July 29, 2015, Smalls filed another motion under 28 U.S.C. § 2255 and raised two new arguments attacking his sentence. See [D.E. 100]. First, Smalls argued that he is no longer a career offender under the Guidelines due to Johnson v. United States, 135 S. Ct. 2251 (2015). That argument, however, appeared irrelevant given that the court did not rely on Smalls's status as a career offender to calculate his advisory guideline range. See Sentencing Tr. [D.E. 73] 4–17, 22–26; PSR [D.E. 105] ¶ 59. Second, Smalls argued that the government reneged on a promise to file a Rule 35 motion. That argument, however, appeared baseless in light of Smalls's Rule 11 transcript and plea agreement. See Arraignment Tr. [D.E. 74] 10–11, 13–15, 18–25; Plea Agreement [D.E.

27] ¶ 4.e.

In any event, this court did not reach the merits. Instead, on September 1, 2015, the court dismissed the motion as successive. See [D.E. 102] 2.

On June 22, 2016, Smalls obtained authorization from the Fourth Circuit to file a successive 28 U.S.C. § 2255 motion and to seek relief under Johnson. See [D.E. 107]. On June 23, 2016, Smalls (through counsel) sought relief under Johnson and argued that he was no longer a career offender under the Guidelines. See [D.E. 108]. On March 29, 2017, after the Supreme Court decided Beckles v. United States, 137 S. Ct. 886, 895–97 (2017), Smalls (through counsel) dismissed the motion. See [D.E. 114]. Nevertheless, on May 5, 2017, Smalls (acting pro se) filed a motion for reconsideration and again argues that he is no longer a career offender due to Johnson, that he is actually innocent of being a career offender, and that the PSR inaccurately characterizes him as a career offender in violation of due process. See [D.E. 115]; [D.E. 115-1]. On May 17, 2017, Smalls supplemented his motion. [D.E. 116] 5–8.

On August 24, 2017, the government moved to dismiss Small's pro se motion for reconsideration for failure to state a claim upon which relief can be granted [D.E. 121] and filed a memorandum in support [D.E. 122]. On September 12, 2017, Smalls responded in opposition [D.E. 124].

Smalls cannot use Johnson or the due process clause retroactively in this section 2255 action to challenge the Guidelines as vague or to challenge his career-offender status. See, e.g., Beckles, 137 S. Ct. at 895–97; United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Smalls's claims all use either Johnson or the due process clause to attack his career offender status. See [D.E. 115]; [D.E. 115-1]; [D.E. 116]. Thus, these claims fail.

2

In sum, the court GRANTS the government's motion to dismiss [D.E. 121], DISMISSES Smalls's motion [D.E. 115] and supplement [D.E. 116], and DENIES a certificate of appealability. See e.g., 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 18 day of December 2017.

JAMES C. DEVER III
Chief United States District Judge