IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-337-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CRAIG NEILDONDO SMALLS, | ) | |
| Defendant. | ) | |

On August 2, 2021, Craig Neildondo Smalls ("Smalls" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 148]. On September 23, 2021, Smalls, through counsel, filed a memorandum and documents in support [D.E. 151, 154]. On October 14, 2021, the government responded in opposition [D.E. 158]. On October 22, 2021, Smalls replied [D.E. 160]. As explained below, the court denies Smalls's motion.

I.

On February 23, 2009, pursuant to a written plea agreement, Smalls pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than 50 grams of cocaine base (crack). See [D.E. 26, 27]; Rule 11 Tr. [D.E. 74] 2–30. On December 9, 2009, the court held Smalls's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Civ. P. 32(i)(3)(A)–(B); [D.E. 62, 63]; PSR [D.E. 139]; Sentencing Tr. [D.E. 73] 5. After resolving Smalls's objections, the court calculated Smalls's total offense level to be 36, his criminal history category to be VI, and his advisory guideline range to be 324 to 405 months' imprisonment. See Sentencing Tr. at 5–17. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Smalls to 324 months'

imprisonment. See id. at 22–27; [D.E. 63]. Smalls appealed. See [D.E. 65]. On July 27, 2010, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Smalls's plea agreement and dismissed the appeal. See [D.E. 75, 76, 77].

On April 25, 2014, Smalls moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 78]. On July 22, 2014, the United States moved to dismiss Smalls's motion and filed a memorandum in support. See [D.E. 85, 86]. On August 7, 2014, Smalls responded in opposition. See [D.E. 88]. On August 26, 2014, the court granted the government's motion to dismiss and dismissed Smalls's motion to vacate. See Smalls v. United States, No. 5:08-CR-337, 2014 WL 4244354 (E.D.N.C. Aug. 26, 2014) (unpublished). Smalls appealed. See [D.E. 92]. On April 20, 2015, the Fourth Circuit dismissed Smalls's appeal. See United States v. Smalls, 600 F. App'x 111 (4th Cir. 2015) (per curiam) (unpublished).

On July 29, 2015, Smalls again moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 100]. On September 1, 2015, the court dismissed Smalls's motion as successive and denied a certificate of appealability. See [D.E. 102]. Smalls did not appeal.

On June 22, 2016, the Fourth Circuit authorized Smalls to file a successive section 2255 motion. See [D.E. 107]. On June 23, 2016, Smalls moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 108]. On March 29, 2017, Smalls voluntarily dismissed his third section 2255 motion. See [D.E. 114]; cf. Beckles v. United States, 137 S. Ct. 886, 892–97 (2017).

On May 5, 2017, Smalls supplemented his third section 2255 motion. See [D.E. 115]. On May 17, 2017, Smalls filed an amended motion to vacate under section 2255. See [D.E. 116]. On August 14, 2017, the United States moved to dismiss Smalls's motion and filed a memorandum in support. See [D.E. 121, 122]. On September 12, 2017, Smalls responded in opposition. See [D.E. 124]. On December 18, 2017, the court granted the government's motion to dismiss and dismissed

2

Smalls's motion. See [D.E. 125]. Smalls did not appeal.

On May 29, 2019, Smalls moved for a sentence reduction under section 404 of the First Step Act. See [D.E. 128]. On June 12, 2019, the government responded in opposition. See [D.E. 130]. On June 24, 2019, Smalls replied. See [D.E. 131]. On May 8, 2020, the court denied Smalls's motion. See [D.E. 136]. The court recalculated Smalls's advisory guideline range, determining that Smalls no longer qualifies as a career offender, his total offense level is 34, his criminal history category is IV, and his advisory guideline range is 210 to 262 months' imprisonment. See id. at 4. After considering the entire record and the parties' arguments, the court denied Smalls's motion because, among other reasons, "of Small's serious criminal conduct, serious criminal record, [and] serious misconduct while incarcerated." Id. at 5. Smalls appealed. See [D.E. 137]. On December 29, 2020, the Fourth Circuit affirmed this court's judgment. See United States v. Smalls, 832 F. App'x 219 (4th Cir. 2020) (per curiam) (unpublished).

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is

3

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment,

4

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

5

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., United States v. Hargrove, No. 20-7709, 2022 WL 905436, at *3–4, 7–8 (4th Cir. Mar. 29, 2022); McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Smalls has applied to the warden at FCI McDowell for compassionate release. See [D.E. 154-1] 4. On April 22, 2021, the warden denied Smalls's application. See id. Smalls appealed and lost. See id. at 1–3, 5–7. Thus, Smalls has met the exhaustion requirement, and the court addresses his motion on the merits. Cf. United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021).

Smalls seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his health conditions, his rehabilitation efforts, his release plan, and his supportive

6

family.[2] See [D.E. 148]; [D.E. 154] 5–24. As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Smalls has hypertension and is obese and prediabetic, and he argues these health conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 154] 11–15. But Smalls does not argue the BOP is not providing needed treatment or that, besides the inability to exercise during COVID-19 lockdowns, he is unable to manage his conditions or provide self-care while federally incarcerated. See id. Moreover, Smalls may have contracted and recovered from COVID-19, thereby obtaining antibodies. See id. at 15–16.

Smalls has received two doses of a COVID-19 vaccine, which greatly diminishes his risk of serious infection from COVID-19, even in light of his health conditions. See [D.E. 151] 57; [D.E. 154] 17–19; see, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the

---

[2] In his pro se motion, Smalls also argued that family circumstances involving his grandson's heart condition warranted release. See [D.E. 148] 2. However, with the advice of counsel, Smalls has withdrawn that argument. See [D.E. 154] 5.

7

associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), petition for cert. filed, No. 21-6594 (U.S. Dec. 15, 2021); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); see also United States v. Baeza-Vargas, No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *2–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Accordingly, reducing Smalls's sentence does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Smalls's health conditions, his efforts at rehabilitation, his supportive family, and his release plan together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, Smalls's vaccinated status greatly diminishes the risk to Smalls from COVID-19. See, e.g., Jacques, 2022 WL 894695, at *2; Scalea, 2022 WL 795425, at *1; Shettler, 2022 WL 620311, at *4; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751;

8

Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Moreover, the section 3553(a) factors counsel against reducing Smalls's sentence. See Hargrove, 2022 WL 905436, at *3–4, 7–8; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Smalls is 44 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack). See PSR ¶¶ 1–5; [D.E. 63]. Smalls was a high-volume drug dealer in the Eastern District of North Carolina from 2005 to 2008 and was a leader in his drug-trafficking operation. See PSR ¶¶ 10–16, 56. Smalls was responsible for distributing 99.84 kilograms of cocaine and 200.25 grams of crack cocaine. See id. ¶ 16. Smalls laundered his drug money through vehicle purchases. See id. ¶ 14. Before his federal conviction, Smalls had a terrible and violent criminal history, including assault on a government official, resisting a public officer, possession of marijuana (four counts), selling or delivering cocaine, aid and abet assault with a deadly weapon inflicting serious injury, and possession of drug paraphernalia. See id. ¶¶ 18–31. As for the assault with a deadly weapon conviction, Smalls shot a man in the leg with a handgun. See id. ¶ 30.

Smalls has made some positive efforts while federally incarcerated. See [D.E. 154] 22. For example, Smalls has completed educational and vocational training courses. See [D.E. 154-3] 1–2; [D.E. 154-12]. Moreover, Smalls has maintained employment while incarcerated. See [D.E. 154-3] 1. Nonetheless, Smalls has incurred numerous infractions, including one for fighting with another inmate. Smalls's most recent infraction was in 2020. See [D.E. 154] 22; [D.E. 154-5]; cf. [D.E. 154-2] 3–7 (explaining the infractions).

The court must balance Smalls's positive efforts in federal custody with his serious criminal conduct, his violent criminal history, his extensive misconduct in federal custody, the need to punish

9

him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); Hargrove, 2022 WL 905436, at *7–8; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Smalls's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, and his release plan. See [D.E. 154] 23; [D.E. 154-2] 1–2. The court recognizes Smalls has a supportive family. See [D.E. 154] 23. Considering the entire record, the extensive steps the BOP has taken to address COVID-19, the section 3553(a) factors, Smalls's arguments, the government's persuasive response, the need to punish Smalls for his serious criminal conduct, to incapacitate Smalls, to promote respect for the law, to deter others, and to protect society, the court denies Smalls's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Hargrove, 2022 WL 905436, at *7–8; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).[3]

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 148].

SO ORDERED. This 31 day of March, 2022.

J—Dever<br>
JAMES C. DEVER III<br>
United States District Judge

---

[3] To the extent Smalls seeks home confinement, see [D.E. 154] 25, the court cannot convert a custodial sentence into a sentence of home confinement, and the court declines to grant the motion for compassionate release and impose home confinement as a term of supervised release. See United States v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) (per curiam) (unpublished).

10